SH

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin R. Rucks, | No. CV 14-2606-PHX-DGC (MHB) |
| Petitioner, | |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Respondents. | |

Petitioner Kevin R. Rucks, who was confined in the Arizona State Prison Complex-Douglas, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and has paid the $5.00 filing fee. On December 12, 2014, Petitioner filed a Motion to Appoint Counsel (Doc. 3). The Court will dismiss the Petition without prejudice and deny the Motion to Appoint Counsel.

**I.  Petition**

On March 14, 2011, Petitioner was convicted, pursuant to plea agreements, in four cases in Maricopa County Superior Court. In case #CR2010-136392, Petitioner was convicted of hindering prosecution and sentenced to 2.25 years.[1] In case #CR2010-006561, Petitioner was convicted of forgery and sentenced to 4.5 years.[2] In case

---

[1] *See* http://www.courtminutes.maricopa.gov/docs/Criminal/032011/m4646425.pdf (last visited Jan. 14, 2014).

[2] *See* http://www.courtminutes.maricopa.gov/docs/Criminal/032011/m4646426.pdf (last visited Jan. 14, 2014).

#CR2009-176839, Petitioner was convicted of possession or use of marijuana and sentenced to one year.[3] In case #CR2009-126573, Petitioner was convicted of possession or use of dangerous drugs and sentenced to 4.5 years.[4] Petitioner's sentences were ordered to run concurrently. On July 12, 2012, the Superior Court denied Petitioner's motions for post-conviction relief.[5] Rather than file a petition for review in the Arizona Court of Appeals, Petitioner filed special actions, but the Arizona Court of Appeals denied jurisdiction. On July 16, 2012, Petitioner filed his first petition for a writ of habeas corpus regarding the above-listed convictions, *Rucks v. Ryan et al*, 12-1522-PHX-DGC (MHB). In a May 20, 2013 Order (Doc. 33 in 12-1522-PHX-DGC (MHB)), the Court denied the petition, and the Clerk of Court entered Judgment accordingly (Doc. 34 in 12-1522-PHX-DGC (MHB)).

On December 1, 2014, Petitioner commenced the current case by filing a new habeas petition in which he again challenges his convictions in CR2010-136392, CR2010-006561, CR2009-176839, and CR2009-126573. This is Petitioner's second habeas challenge to his convictions in these cases. Under 28 U.S.C. § 2244, a petitioner may not file a second or successive § 2254 petition in the district court unless the petitioner has obtained a certification from the Ninth Circuit Court of Appeals authorizing the district court to consider the second or subsequent § 2254 petition. A habeas petition is "'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition." *Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001) (*per curiam*). The current petition, therefore, is a second or successive petition.

---

[3]*See* http://www.courtminutes.maricopa.gov/docs/Criminal/032011/m4646427.pdf (last visited Jan. 14, 2014).

[4]*See* http://www.courtminutes.maricopa.gov/docs/Criminal/032011/m4646428.pdf (last visited Jan. 14, 2014).

[5]*See* http://www.courtminutes.maricopa.gov/docs/Criminal/072012/m5326522.pdf (last visited Aug. 21, 2012).

Petitioner has not presented a certification from the Ninth Circuit authorizing the Court to consider a second or subsequent § 2254 petition. Accordingly, the current Petition and this action must be dismissed as a successive petition. The Court will dismiss the case without prejudice so that Petitioner can seek certification from the Ninth Circuit to file a second or successive § 2254 petition.

**IT IS ORDERED:**

(1) Because the Court will dismiss this action, Petitioner's Motion to Appoint Counsel (Doc. 3) is **denied as moot**.

(2) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) and this action are **dismissed without prejudice**, and the Clerk of Court must **enter judgment** accordingly.

(3) The Clerk of Court must provide Petitioner with a copy of the form recommended by the Ninth Circuit Court of Appeals for filing an Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

(4) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 26th day of January, 2015.

David G. Campbell
United States District Judge

**Form 12.**          **Application for Leave to File Second or Successive Petition**
*(New, 7/1/02)*      **Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255**

**UNITED STATES COURT of APPEALS
for the NINTH CIRCUIT
95 Seventh Street
San Francisco, California 94103**

**Application for Leave to File Second or Successive Petition
Under 28 U.S.C. § 2254  or Motion Under 28 U.S.C.  § 2255**

Docket Number _____
                   (to be provided by court)
Petitioner's name _____

Prisoner registration number

Address _____

---

**Instructions - Read Carefully**

(1) This application, whether handwritten or typewritten, must be legible and signed by the petitioner under penalty of perjury.  An original and five (5) copies must be provided to the Clerk of the Ninth Circuit.  The application must comply with 9th Circuit Rule 22-3, which is attached to this form.

(2) All questions must be answered concisely.  Add separate sheets if necessary.

(3) The petitioner **shall** serve a copy of this application and any attachments on respondent and must complete and file a proof of service with this application.

(4) The petitioner **shall** attach to this application copies of the magistrate judge's report and recommendation and the district court's opinion in any prior federal habeas proceeding under 28 U.S.C. § 2254 or § 2255 or state why such documents are unavailable to petitioner.

---

**You *Must* Answer the Following Questions:**

(1) What conviction(s) are you challenging?

_____

_____

(2)  In what court(s) were you convicted of these crime(s)?

_____

_____

(3)  What was the date of each of your conviction(s) and what is the length of each sentence?

_____

_____

**For questions (4) through (9), provide information separately for each of your previous §§ 2254 or 2255 proceedings.  Use additional pages if necessary.**

(4)  With respect to **each** conviction and sentence, have you ever filed a petition or motion for habeas corpus relief in federal court under **28 U.S.C. § 2254** or **§ 2255**?
Yes G       No G

(a) In which federal district court did you file a petition or motion?

_____

(b) What was the docket number? _____

(c) On what date did you file the petition/motion? _____

(5)  What grounds were raised in your previous habeas proceeding?
(list all grounds and issues previously raised in that petition/ motion)

_____

_____

_____

(6)  Did the district court hold an evidentiary hearing? Yes G       No G

(7) How did the district court rule on your petition/motion?

    G    District court **dismissed** petition/motion? If yes, on what grounds?
_____

    G    District court **denied** petition/motion;

    G    District court **granted** relief;
if yes, on what claims and what was the relief?
_____

**(Attach copies of all reports and orders issued by the district court.)**

(8) On what date did the district court decide your petition/motion?
_____

(9) Did you file an appeal from that disposition?  Yes G    No G

(a) What was the docket number of your appeal? _____

(b) How did the court of appeals decide your appeal?_____
_____
_____

(10) State concisely each and every ground or issue you wish to raise in your current petition or motion for habeas relief.  Summarize briefly the facts supporting each ground or issue.
_____
_____
_____

(11) For each ground raised, was it raised in the state courts?  If so, what did the state courts rule and when?
_____

(12) For each ground/issue raised, was this claim raised in any prior federal petition/motion? (list each ground separately)
_____
_____

(13) For each ground/issue raised, does this claim rely on a new rule of constitutional law? (list each ground separately and give case name and citation for each new rule of law)
_____
_____

(14) For each ground/issue raised, does this claim rely on newly discovered evidence? What is the evidence and when did you discover it? Why has this newly discovered evidence not been previously available to you? (list each ground separately)
_____
_____
_____

(15) For each ground/issue raised, does the newly discovered evidence establish your innocence? How?
_____
_____

(16) For each ground/issue raised, does the newly discovered evidence establish a federal constitutional error? Which provision of the Constitution was violated and how?
_____
_____

(17) Provide any other basis for your application not previously stated.
_____
_____
_____

**Date:** _____   **Signature:**_____

**Proof of Service on Respondent MUST be Attached.**